```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                         CRIMINAL ACTION NOS. 2:11-00019
                                                2:11-00210

RASHID OMARI KENT


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER


On January 7, 2020, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Rashid Omari Kent, appeared in person and by his counsel, Timothy J. LaFon, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Mark Ruscello. The defendant commenced a three-year term of supervised release in Criminal No. 2:11-00019, and a three-year term of supervised release in Criminal No. 2:11-00210, on October 23, 2018, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered on January 3, 2012, in each Criminal No. 2:11-00019 and 2:11-00210.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant has remained unemployed since January 18, 2019; (2) on August 9, 2019, the defendant submitted a urine specimen that tested positive for methamphetamine and admitted to the probation officer that he consumed methamphetamine on August 3, 2019; 3) the defendant failed to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer in that he failed to notify the probation officer of his arrest and questioning that occurred on August 31, 2019; and (4) the defendant failed to attend drug screenings as directed by the probation officer on each November 9, December 11 and 21, 2018, January 29, February 8, March 12, April 19, May 24, June 10, July 5, August 12 and 23, and September 12, 2019; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

The court further found by a preponderance of the evidence that the defendant has violated additional terms of supervised release in the following respects:  (1) during a traffic stop by the West Virginia State Police on June 6, 2019, the defendant was in violation of state and federal law as he was found in possession of a small quantity of a white powdery substance that the defendant admitted at the scene as being methamphetamine for his personal use and which appeared to the experienced officer, Lieutenant Zerkle, to be methamphetamine, and at that time a small scale was found under the driver's seat where the defendant was situate; (2) on the same date the defendant violated the law by driving a vehicle on the public highway with an expired registration, no inspection sticker, and with his license having been revoked; and (3) the defendant left the judicial district, the Southern District of West Virginia, without permission inasmuch as on August 31, 2019, he was found to be in Lawrence County, Ohio, having failed to obtain permission from the probation officer or the court.  With respect to the August 31, 2019, event, the court finds that the allegation of possession by the defendant has not been proven by a preponderance of the evidence.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **FOURTEEN (14) MONTHS**, in each Criminal No. 2:11-00019 and Criminal No. 2:11-00210, to run concurrently, to be followed by a term of supervised release of twenty-two (22) months in each Criminal No. 2:11-00019 and Criminal No. 2:11-00210, to run concurrently, upon the same terms and conditions of supervised release as heretofore.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: January 8, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge